IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES of AMERICA**                                                                  **PLAINTIFF**

V.                         NO.  5:10-CR-50110-004

**NOE TORRES CAVILLO**                                                        **DEFENDANT**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), Local Rule 72.1 ¶ XII, and General Order No. 40, this matter was referred to the undersigned for the purposes of conducting a plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  Such a hearing was conducted on December 16, 2011,  and, pursuant to a written plea agreement, the Defendant entered a plea of guilty to an Information (ECF No. 164) alleging that on or about an unknown date, but at least as early as March 1, 2010, and continuing to on or about July 27, 2010, in the Western District of Arkansas, Fayetteville Division, the defendant , **NOE TORRES CAVILLO**, did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to the United States Government, to unlawfully distribute a controlled substance, namely, methamphetamine, a Schedule II controlled substance, in violation of Title 21 U.S.C § 841(a)(1), all in violation of Title 21 U.S.C. § 846.

The plea agreement (ECF No. 169) states that if it is accepted by the Court, once the Court has pronounced sentence, the Government will move to dismiss the Indictment.

After conducting the hearing in the form and manner prescribed by Rule 11, the undersigned finds:

1.       The Defendant, after consultation with his counsel, has knowingly and voluntarily

consented, both in writing and on the record at the hearing, to the entry of his guilty plea before the undersigned, with the plea being subject to final approval by Chief United States District Judge Jimm Larry Hendren.

      2.      The Defendant and the Government have entered into a written plea agreement which has been disclosed in open court pursuant to Rule 11(c)(2), and the undersigned has directed that the plea agreement be filed.  That the Defendant acknowledged that he read, understood and signed the agreement.

      3.      The Defendant is fully competent and capable of entering an informed plea; the Defendant is aware of the nature of the charges, the applicable maximum penalties, and the consequences of the plea; the Defendant is fully satisfied with his counsel and has had sufficient time to consult with him; and the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

      4.      The Defendant understands his constitutional and statutory rights and wishes to waive these rights.

      5.      The parties were informed, both in writing and on the record at the hearing, of their right to file written objections within fourteen (14) days after receipt of this Report and Recommendation.  To expedite acceptance of the guilty plea, the parties waived, both on the record and in writing, their right to file objections. (ECF No. 170).

      Based on the foregoing, the undersigned recommends that the guilty plea be accepted and that the written plea agreement be tentatively approved, subject to final approval at sentencing.

      IT IS SO ORDERED this December 19, 2011.

/s/ J. Marschewski
James Marschewski
Chief United States Magistrate Judge